USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY MARTINEZ,

                Plaintiff,

- v. -

CAROLYN W. COLVIN,
ACTING COMMISSIONER
Social Security Administration,

                Defendant.

**ORDER**

15 Civ. 3366 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Gregory Martinez filed the Complaint in this action on April 30, 2015. (Dkt. No. 1) He seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits. (Id.) On June 3, 2015, this Court referred this case to Magistrate Judge Henry Pitman for a Report & Recommendation ("R & R"). (Dkt. No. 4) On January 27, 2016, Plaintiff filed a motion for judgment on the pleadings, arguing that (1) he is a member of the class action settlement approved in Stieberger v. Sullivan, 792 F. Supp. 1376 (S.D.N.Y. 1992), and (2) he is entitled to disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405(g), from 1984 through 1996. (Dkt. Nos. 14, 15) On June 24, 2016, Defendant filed a cross-motion seeking to remand the case to the Commissioner of Social Security. (Dkt. No. 26) On August 22, 2016, Judge Pitman issued a Report & Recommendation ("R & R") recommending that this Court deny Plaintiff's motion for judgment on the pleadings and grant in part the Defendant's motion to remand. (Dkt. No. 30)

        In his R & R, Judge Pitman notified the parties that they had fourteen days from

service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R & R (Dkt. No. 30) at ECF 63) The R & R further states that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW." (Id.) (emphasis in original). Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Pitman's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v.

2

Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Plaintiff's injuries stem from a September 18, 1984 accident in which he was struck by a car while riding a bicycle. (R & R (Dkt. No. 30) at ECF 4 (citing Tr. (Dkt. No. 9-5) at 688-92)) Plaintiff claims that he suffers from back and knee pain and experiences from side effects related to his medication, which prevent him from working. (Id. at ECF 4-20; see also Pltf. Mot. for Judgment on the Pleadings (Dkt. No. 15) at ECF 22-27; Cmplt. (Dkt. No. 1) at ¶ 6) He seeks review of Administrative Law Judge ("ALJ") Mark Solomon's determination that he is not a member of the class created in Stieberger v. Sullivan, 792 F. Supp. 1376 (S.D.N.Y. 1992), as amended in 801 F. Supp. 1079 (S.D.N.Y. 1992), and is not disabled and therefore is not entitled to benefits. (Cmplt. (Dkt. No. 1) at ¶¶ 19-23)

In Stieberger v. Sullivan, Judge Sand approved a settlement "designed to correct the Department's systemic policy in the 1980s of refusing to follow controlling judicial precedents concerning eligibility for disability benefits." (R & R (Dkt. No. 30) at ECF 37) The Stieberger settlement "defines the class entitled to reopen and readjudicate claims and stipulates procedures for identifying, screening, reopening, and readjudicating such cases." (Id. (quoting Stieberger v. Comm'r of Social Sec., 188 F. Supp. 2d 424, 426 (S.D.N.Y. 2002)) The class is defined as individuals who, inter alia, "had a disability claim denied or terminated between October 1, 1981, and July 2, 1992, on the ground that the person was not or was no longer disabled," and "had a disability claim denied or terminated . . . at any level of administrative review between October 1, 1981, and October 17, 1985, inclusive. . . ." (Id. at ECF 38 (quoting Stieberger, 188 F. Supp. 2d at 426))

Plaintiff first applied for social security disability benefits on October 17, 1984. (R & R (Dkt. No. 30) at ECF 20 (citing Tr. (Dkt. No. 9-1) at 181-83)) ALJ Solomon determined,

3

however, that Plaintiff's application was not received and acted upon until October 2004, and that Plaintiff was therefore not a Stieberger class member entitled to reopen his 1984 application. (Id. at ECF 43 (citing Tr. (Dkt. No. 9-8) at 1071))

In making this determination, the ALJ relied on a statement made by Plaintiff's counsel at a November 1, 2005 hearing, regarding a telephone call that Plaintiff received in June 2004 informing him that his application had never been processed. (Id. at ECF 32 (citing Tr. (Dkt. No. 9-8) at 1071)) As Judge Pitman noted, however, the record is ambiguous as to the disposition of Plaintiff's October 1984 application. (Id. at ECF 20-21)

Two documents in the record – a computer printout describing Plaintiff's prior applications, and an internal report completed by a Social Security Administration ("SSA") Disability Analyst – indicate that Plaintiff's application for benefits was denied on December 17, 1984, under the denial code "N31." (See id. at ECF 21 (citing Tr. (Dkt. No. 9-1) at 193; id. (Dkt. No. 9-3) at 437)) Denial code "N31" is used for an individual who has "'a severe impairment(s) but is found not disabled because he or she has the functional and vocational capacity to engage in substantial gainful activity in relevant past work.'" (Id. at ECF 21 n.22) It applies to the denial of both disability insurance benefits and supplemental security income ("SSI") claims. (Id.)

The record also contains documents indicating that the SSA screened Plaintiff's 1984 application to determine whether it should be re-opened as a result of the Stieberger settlement. (Id. at ECF 47 (citing Tr. (Dkt. No. 9-5) at 648)

Judge Pitman found that Plaintiff had made "compelling" arguments that his 1984 application had been denied in December 1984, and noted that there is no indication in the record that ALJ Solomon considered the evidence suggesting that Plaintiff's 1984 application was

denied on December 17, 1984. (Id. at ECF 33 n.33, 45-47) Judge Pitman concluded that additional factual development is necessary concerning Plaintiff's Stieberger eligibility, including as to whether the SSA ever contacted Plaintiff about his claim, and whether Plaintiff ever requested that his case be reopened. (Id. at ECF 49)

As Judge Pitman explained,

> [t]he district court . . . has no fact-finding role in its review of social security disability cases[,] and where the record lacks substantial evidence supporting the Commissioner's determination, the matter must be remanded to the Commissioner for further factual findings or development of the record. See Grant v. Shalala, 989 F.2d 1332, 1338 (3[]d Cir. 1993) (Alito, then Cir. J.) ("Section 205(g) creates a scheme in which a district court may conduct a restricted review of the Secretary's findings and may remand a case for new findings, but this scheme makes no provision for a district court to make any findings of its own."); see also Michaels v. Colvin, 621 F[ed]. App[]x. 35, 39-40 (2d Cir. 2015) (summary order); Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013); Bryant v. Social Sec. Admin., 478 F[ed]. App[]x. 644, 645 (11th Cir. 2012) (per curiam); Symonds v. Astrue, 448 F[ed]. App[]x. 10, 11 (11th Cir. 2011) (per curiam); Caldwell v. Barnhard, 85 F[ed]. App[]x 811, 813 (3d Cir. 2003); Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996).

(Id. at ECF 49-50)

Judge Pitman concluded that (1) the ALJ's determination that Plaintiff is not a Stieberger class member is not supported by substantial evidence, and (2) the ALJ had not addressed several documents suggesting that Plaintiff is a member of that class. Judge Pitman recommends that this case be remanded for further administrative proceedings. (Id. at ECF 50) This Court finds no error in that conclusion.

In addition to seeking a ruling that he is a member of the Stieberger class, Plaintiff seeks reversal of the ALJ's determination that he was not disabled either before December 31, 1986, or before December 31, 1989. (Pltf. Mot. for Judgment on the Pleadings (Dkt. No. 15) at ECF 22-27) Plaintiff argues that he should have been adjudicated disabled as of September 18,

5

1984 – the date of his accident – or, at the least, no later than December 31, 1989. According to Plaintiff, the ALJ failed to consider evidence that he requires a cane to walk and stand, that he suffers from a cervical spine disorder, and that he suffers from side effects attributable to his medication. (Id.)

The Commissioner does not dispute that an incorrect legal standard was used in evaluating Plaintiff's 2004 claim for disability benefits, and the Commissioner "do[es] not contest that [P]laintiff was eligible for [benefits for] at least a portion of the period he alleges." (Def. Mot. to Remand (Dkt. No. 27) at ECF 6) Defendant argues that the proper remedy in this case is a reversal and remand for the purpose of calculating Plaintiff's disability income benefits, including a determination as to the disability onset date. (Id. at ECF 4, 6-7) Plaintiff objects to the proposed remand, arguing that this Court "should issue an Order finding [Plaintiff] disabled and entitled to Social Security Disability benefits as of October 17, 1984." (Pltf. Opp. Br. (Dkt. No. 29) at ECF 4)

As Judge Pitman notes, "'[t]he determination of the date of onset of disability is a fact-driven inquiry, and the act of weighing evidence in Social Security cases properly lies in the domain of the Commissioner, not this Court.'" (R & R (Dkt. No. 30) at ECF 53 (quoting McCarthy v. Astrue, No. 07 Civ. 0300(JCF), 2007 WL 4444976, at *9 (S.D.N.Y. Dec. 18, 2007))) Accordingly, this Court agrees that the case should be remanded (1) "for a factual finding concerning the extent of plaintiff's disability and the applicable onset date of plaintiff's disability," and (2) for a determination as to Plaintiff's Stieberger eligibility. (See id.)

Having determined that "there is no clear error on the face of the record," Nelson, 618 F. Supp. at 1189, this Court adopts Judge Pitman's R & R in its entirety and, for the reasons stated therein, remands this matter to the Commissioner of Social Security for further

proceedings consistent with the R & R. The Clerk of the Court is respectfully directed to

terminate the motions (Dkt. Nos. 14, 26) and to close this case.

Dated: New York, New York  SO ORDERED.
September 23, 2016

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

7